UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID PANNELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-01834-JMS-DML |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING MOTIONS TO ALTER OR AMEND JUDGMENT**

This disciplinary habeas action was dismissed on October 4, 2021. Dkt. 29; dkt. 30. Mr. Pannell filed two similar motions to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) on November 10 and 19, 2021. Dkt. 35; dkt. 39. Because the certificate of service on both of these filings is dated November 1, 2021, the Court considers these motions timely filed. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of final judgment."). The respondent did not file a response to either motion.

For the reasons explained below, Mr. Pannell's Rule 59(e) motions, dkts. [35] and [39], are **DENIED**.

**I. Background**

In disciplinary proceeding ISF 19-12-0373, Mr. Pannell was found guilty of violating Indiana Department of Correction (IDOC) Adult Disciplinary Code A-102, battery, in relation to a physical altercation with another inmate on December 19, 2019. The reporting officer wrote a conduct report recounting that Mr. Pannell was observed pushing and striking another inmate and pulling two weapons from inside his shirt. Dkt. 1-1; dkt. 8-1. Other officers provided witness statements and live testimony to corroborate that Mr. Pannell participated in the fight, and one officer stated that he observed Mr. Pannell with a pointed object in his left hand and that a separate

1

object that appeared to be a weapon was on the floor near him. Dkt. 8-10. Photographs of the weapons are in the record. *See* dkt. 8-3. A written summary of security video from the incident documented that a physical altercation was viewable and noted that Mr. Pannell's arm was moving toward the other offender in a "stabbing motion." Dkt. 8-9. The Court reviewed the video filed *ex parte*, dkt. 12, along with the parties' briefs and exhibits in this action. Mr. Pannell raised several grounds for relief in his petition including whether the evidence was sufficient, whether he was denied evidence, and whether the disciplinary hearing officer's written statement of findings was adequate. Dkt. 1. The Court found no merit to any of these grounds and denied his petition. He now seeks relief from the Court's final judgment by way of his Rule 59(e) motions.

## II. Legal Standard

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood v. Manor Apartment Homes, LLC v RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Relief through a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 521 (7th Cir. 2015) (internal quotation omitted).

## III. Discussion

This is not the exceptional case that warrants extraordinary remedy. The relief available in a disciplinary habeas action such as this is limited. The Court properly considered whether Mr.

Pannell's due process rights under *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) and *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974) were violated when he was found guilty of violating Code A-102, battery. Mr. Pannell outlines three unsuccessful arguments in his motions.

### A. Violation of Code A-102

Mr. Pannell's overarching argument is that the Court committed a manifest error when it misapprehended the facts in the record regarding his charge itself. He contends he was charged with a violation of "Code A-102, **battery with a weapon**" under the 2015 IDOC Adult Disciplinary Code, and not a violation of "Code A-102, **battery**" under a new version of the Code, effective beginning in 2018 and throughout the relevant time when the physical altercation occurred, and Mr. Pannell's disciplinary hearing was held. Dkt. 36 at 1-2 (emphasis added). The difference in the definition of Code A-102 in 2015 and the one applicable to these disciplinary proceedings in 2019-2020 is distinct, but Mr. Pannell's argument is unavailing.

Mr. Pannell states that Code A-102 in 2015 was defined as "committing battery/assault upon another person with a weapon (including the throwing of bodily fluids or waste on another person) or inflicting serious bodily injury." Dkt. 1 at 16. He argues that the evidence in his case was insufficient because it did not establish that he possessed any specific weapon during the incident, that he knowingly and intentionally battered another offender with that specific weapon, and that the offender suffered injuries as a result. *Id.*

Mr. Pannell presents a convoluted argument that the prison staff applied the 2015 Code but also failed to meet its evidentiary burden. Various documents in the record, excluding the conduct

3

report, list the alleged offense as "battery w/ weapon," rather than "battery" alone.[1] But the Court addressed this argument when it denied Mr. Pannell's petition. *See* dkt. 29 at 4-7. Simply put, the 2015 Code is outdated and does not govern Mr. Pannell's disciplinary proceedings. The version in effect during Mr. Pannell's case defines Code A-102, in relevant part, as "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner[.]" Dkt. 8-14 (IDOC Adult Disciplinary Code, effective June 2018). Under this definition, battery does not require that a weapon be used, or that serious bodily injury be caused. *Id*. Mr. Pannell "accepts the Respondent's assertion" that this broader Code definition was in place at the time the incident occurred in his case. Dkt. 28 at 5 (Pannell's Reply brief).

Thus, in its Order dismissing Mr. Pannell's petition, the Court considered his argument that prison officials needed to prove that he used a weapon and injured a victim to find him guilty of battery. Dkt. 29 at 6. In that Order, the Court stated: "Contrary to Mr. Pannell's argument, these are not the elements of battery under the version of the Code in effect at the time of the incident. Thus, any arguments that Mr. Pannell makes about not possessing weapons and the conduct report being void of description of the weapons or its lack of documentation of [the other offender's] injuries, all fail." *Id.* The Court went on to find that "some evidence" existed to support his charge of battery, including: that he did not dispute that he engaged in a physical fight with another offender; that the conduct report described that he was identified by his prison ID card and was pushing and fighting the other inmate, pulled out weapons, and made downward striking motions; that other witness statements supported details in the conduct report; and that a video of the

---

[1] *See, e.g.*, dkt. 8-4 (screening report); dkt. 8-6 (postponement of disciplinary hearing notifications); dkt. 8-7 (report of disciplinary hearing and DHO's written reprimand "don't commit battery with weapons"); and dkts. 8-10 and 8-11 (notice to lay advocate/witness forms); *but see* dkt. 8-1 (conduct report listing the offense as "battery").

incident provided additional evidence of guilt. *Id.* at 6-7. Th Court noted that "[a]ny knowing or intentional touching in a rude, insolent, or angry manner" could fit the charge, and that the "some evidence" threshold had been crossed.

Mr. Pannell cannot now use a Rule 59(e) motion "to 'rehash' previously rejected arguments . . . ." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014). Accordingly, Mr. Pannell is not entitled to relief under Rule 59(e) on this ground.

### B. New Evidence

Second, Mr. Pannell contends that after his habeas petition was denied he discovered new "unequivocal evidence" that he was found guilty under the 2015 Code. Dkt. 36 at 17-18. He attaches his Offender Information System records through February 2020 that reflect a summary of his conduct and his history of deprivation of earned credit time. Dkt. 36-1 at 15-19. The offense listed for this disciplinary incident, ISF 19-12-0373 is: "A 102 Battery W/ Weap; Bod Fluid Or Serious Inj." *Id.* at 15-17. He also submits his classification designation from May 2021 that documents that his history of institutional violence involved a weapon, which resulted in an increased security score. *Id.* at 19. He argues that the Court's ruling "constitutes a miscarriage of justice" because he "was found guilty of 'battery with a weapon' and not a 'battery.'" Dkt. 36 at 18.

Mr. Pannell's conduct records indicate that he was convicted of violating Code A-102 in January 2020. The description of the offense on this print-out does not provide unequivocal evidence that Mr. Pannell was charged and convicted under the 2015 Code. But, even if he was, it is irrelevant because it does not overcome the undisputed fact that the broader definition of Code A-102 controls, and as discussed above, the Court found "some evidence" to support that Mr. Pannell committed battery under that definition of the Code.

Moreover, these documents are not "newly discovered evidence" because they were attainable before the Court issued its ruling on the merits of Mr. Pannell's petition on October 4, 2021. Newly discovered evidence is that which the movant must demonstrate it did not know and could not reasonably have discovered with reasonable diligence until after the judgment was rendered. *Caisse Nationale de Credit v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

Accordingly, Mr. Pannell is not entitled to relief under Rule 59(e) on this ground.

### C. Advanced Notice of the Charge

Third, Mr. Pannell states that on January 3, 2020, he received adequate advanced 24-hour written notice from the screening report that he was charged with violating Code A-102, "battery with a weapon," under the 2015 Code. Dkt. 36 at 3. He argues that he did not receive adequate notice of Code A-102, "battery," under the applicable version. *Id.* at 15. Mr. Pannell contends that the Court misapprehended this fact and "disallowed the evidence [he] presented to support his defense to the battery with a weapon charge." *Id.*

This argument fails because Mr. Pannell did not raise issues about advanced written notice of his charge in his habeas petition. Dkt. 1. Rule 59(e) "permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotations omitted); *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018); *see also United States Emp't Comm'n v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1349 (11th Cir. 2016) ("A Rule 59(e) motion is not a chance for a party to correct poor strategic choices.").

Accordingly, Mr. Pannell is not entitled to relief under Rule 59(e) on this ground.

## IV. Conclusion

The Court concluded that there was sufficient evidence in the record to support Mr. Pannell's finding of guilt and that there were no violations of his due process rights and denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. There was no manifest error of law or fact. The Court did not misapprehend the petitioner's claims, nor did it misapply the law to those claims in finding that the petitioner was not entitled to habeas corpus relief.

Accordingly, Mr. Pannell's Rule 5(e) motions, dkts. [35] and [39] are **DENIED**.

**IT IS SO ORDERED.**

Date: 9/14/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID PANNELL
963265
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov